**The document below is hereby signed.**

**Dated: November 29, 2011.**



_____
**S. Martin Teel, Jr.
U.S. Bankruptcy Judge**

```
                UNITED STATES BANKRUPTCY COURT
                  FOR THE DISTRICT OF COLUMBIA


In re                              )
                                   )
NATION'S CAPITAL CHILD AND         )   Case No. 09-00576
FAMILY DEVELOPMENT, INC.,          )   (Chapter 11)
                                   )
            Debtor.                )
_____)
                                   )
NATION'S CAPITAL CHILD AND         )
FAMILY DEVELOPMENT, INC.,          )
                                   )
            Plaintiff,             )   Adversary Proceeding No.
                                   )   09-10019
        v.                         )
                                   )   Not for Publication in
MARYLYN TREE, LLC, et al.,         )   West's Bankruptcy Reporter
                                   )
            Defendants.            )
```

MEMORANDUM DECISION CONCLUDING THAT
<u>REMAINING CLAIMS OF PLAINTIFF OUGHT TO BE DISMISSED</u>

The court previously dismissed the plaintiff's claims against Marylyn Tree, LLC. On October 27, 2011, this court then issued an order reciting reasons why the claims against the remaining defendants appeared to no longer have any vitality. That order then directed that it was:

> ORDERED that by November 15, 2011, the plaintiff shall file a writing showing cause, if any it has, for wishing to proceed with litigation of this adversary

>     proceeding as to the remaining defendants.  It is
>     further
>
>         ORDERED that if the plaintiff fails to file such a
>     writing, the plaintiff will be presumed to have decided
>     that it does not wish to proceed further with this
>     adversary proceeding, and the court will then proceed
>     to dismiss the plaintiff's claims against the remaining
>     defendants in this adversary proceeding with prejudice.

The plaintiff filed no writing by November 15, 2011, to show cause for wishing to proceed with litigation of this adversary proceeding as to the remaining defendants.  Accordingly, the plaintiff is presumed to have decided that it does not wish to proceed further with this adversary proceeding, and the court will dismiss the claims against the remaining defendants in this adversary proceeding with prejudice.

At the pretrial conference in this adversary proceeding, the court set a trial date as to the parties other than Seville Builders and Manufacturers, Inc. and 2136 Wisconsin, LLC, who were in bankruptcy elsewhere.  As reflected by paragraph 14 of the court's Pretrial Order signed on April 21, 2010, "[t]he parties agree[d] that this is to be a non-jury trial and that the court may enter final orders and judgments reviewable only by way of appeal under 28 U.S.C. § 158."  By reason of the parties' consent to this court's adjudicating the claims, there is no issue under *Stern v. Marshall*, ___ U.S. ___, 131 S.Ct. 2594, 180 L.Ed.2d 475 (2011), regarding this court's authority, despite Article III of the Constitution, to issue the order dismissing

the claims against David Cameron, Greenlight International, Inc., and Tyrone Green.  *See Adams National Bank v. GB Herndon & Assocs., Inc. (In re GB Herndon & Assocs., Inc.)*, ___ B.R. ___, 2011 WL 4628805 (Bankr. D.D.C. Oct. 4, 2011).

By failing to set forth any reason why the claims against Seville Builders and Manufacturers, Inc. and 2136 Wisconsin LLC ought not be dismissed, the plaintiff has not set forth even a merely colorable argument why the adversary proceeding ought to remain pending.  Determining whether the claims are now only colorable claims, with no continuing vitality (such that they ought to be dismissed) can be treated as a core proceeding under 28 U.S.C. § 157(b)(2)(O) (because such a dismissal of the claims would be a proceeding "affecting the liquidation of the assets of the estate").  Under the Bankruptcy Act, a bankruptcy referee could adjudicate a trustee's turnover claim against a third party when that third party raised only a merely colorable defense, and the Supreme Court never expressed any view that such an adjudication would run afoul of Article III of the Constitution.  *See, e.g., Taubel-Scott-Kitzmiller Co. v. Fox*, 264 U.S. 426, 433 (1924) (summary jurisdiction, exercisable by a referee, existed under the Bankruptcy Act "where the property is held by one who makes a claim, but the claim is colorable only" (footnote omitted)); *Taylor v. Sternberg*, 293 U.S. 470 (1935) (claims of receivers to compensation from funds that had been held by

3

receivership court were only colorable, as based on a state court order that was a nullity, and thus summary jurisdiction existed for turnover order by referee).  It stands to reason that a bankruptcy judge has constitutional authority to dismiss a trustee's or debtor in possession's claims when the trustee or debtor in possession fails to articulate *any* reason why those claims have continued vitality.  Accordingly, I will dismiss the claims against Seville Builders and Manufacturers, Inc. and 2136 Wisconsin, LLC as well.

    An order follows dismissing the remaining claims in this adversary proceeding (other than Marylyn Tree's claim for attorney's fees and costs).

                                    [Signed and dated above.]

Copies to: All counsel of record.